Filed 7/29/26  P. v. McGrew CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE  PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN LYLE MCGREW,<br><br>    Defendant and Appellant. | F089733<br><br>(Super. Ct. No. CF91438575)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and DeSantos, J.

**INTRODUCTION**

Appellant and defendant Steven Lyle McGrew (appellant) was convicted after a jury trial of first degree murder with a special circumstance, robbery, and assault with a deadly weapon. He was sentenced to 16 years plus life in prison without the possibility of parole (LWOP). The determinate term included three years for prior prison term enhancements imposed pursuant to former section 667.5, subdivision (b) of the Penal Code.[1] In 2025, the California Department of Corrections and Rehabilitation (CDCR) advised the trial court that appellant was eligible for resentencing pursuant to section 1172.75 and dismissal of the prior prison term enhancements. After a contested hearing, the court dismissed the enhancements but denied appellant's motion to stay the LWOP sentence for first degree murder and instead imposed a determinate term for robbery.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 4, 1992, appellant and codefendants Johnnie Bell, Winona Weathers, and John Crips were convicted after a joint jury trial of count 1, first degree murder of William McClelland (§ 187, subd. (a)), with the special circumstance that the murder was committed while engaged in the commission of a robbery (§ 190.2, subd. (a)(17)); count 2, first degree robbery of William McClelland in an inhabited dwelling (§§ 211, 212.5, subd. (b)); and count 4, assault with a deadly weapon of a second victim (§ 245, subd. (a)(2)).

---

[1]     All further statutory citations are to the Penal Code.

As to counts 1 and 2, the jury found appellant personally used a firearm (§ 12022.5, subd. (a)). The trial court found he had one prior serious felony conviction enhancement (§ 667, subd. (a)), and three prior prison term enhancements (§ 667.5, subd. (b)).

On July 20, 1993, the trial court sentenced appellant to an aggregate sentence of 16 years plus LWOP: the LWOP term for count 1, first degree murder with the special circumstance, with consecutive terms of five years for the firearm enhancement attached to count 1, three years for count 4, assault with a deadly weapon, five years for the prior serious felony conviction enhancement, and three years for the prior prison term enhancements. The court stayed the remaining sentences.[2]

The judgment against appellant was affirmed on appeal. (*People v. McGrew et al.* (Apr. 5, 1996, F020046) [nonpub. opn.].)

## Section 1172.75 Notice

In 2023, the Secretary of CDCR advised the trial court that appellant was serving a sentence that included prior prison term enhancements pursuant to former section 667.5, subdivision (b) that were no longer valid, and he was eligible for recall and resentencing pursuant to section 1172.75.

The trial court appointed counsel and placed the matter on calendar. Appellant requested a full resentencing hearing.

## The Parties' Briefs

The People filed a resentencing brief pursuant to section 1172.75 and conceded the three prior prison term enhancements were now invalid after amendments to section 667.5, subdivision (b), and must be dismissed. However, the People argued appellant's sentence should not be further reduced because he was "a career criminal and any further reduction would be contrary to the law, contrary to the interests of justice, and

---

[2]     While appellant was charged with a special circumstance, the People elected to not seek the death penalty.

would endanger public safety."  Appellant was previously convicted of 12 felony offenses, he was sentenced to prison four times and repeatedly violated probation and parole.

In appellant's resentencing brief, he argued the trial court should reduce his aggregate sentence because he had served over 30 years in prison.  Appellant asserted that as a result of numerous statutory amendments, the court now had discretion to strike or dismiss several parts of his sentence, and requested imposition of a determinate term for count 2, robbery, as the principal term, with the attached firearm enhancement, and for the court to stay the LWOP term for murder based on statutory amendments to section 654, which now permits the court to stay the greater term.  The court should also strike the prior serious felony enhancement and the second firearm enhancement, based on statutory amendments to section 667, subdivision (a) and section 1385.

## THE TRIAL COURT'S RESENTENCING HEARING

On April 23, 2025, the trial court convened the section 1172.75 recall and resentencing hearing.  Defense counsel restated the arguments in the resentencing brief.  The prosecutor argued it would not be in the interests of justice to reduce appellant's sentence beyond dismissal of the three prior prison term enhancements given the nature of the current convictions and his prior convictions.

The trial court dismissed the three prior prison term enhancements.  The court acknowledged appellant was eligible for a full resentencing and it had discretion to do so, but denied appellant's request to further reduce his sentence.

> "[A]s pointed out by [the prosecutor], this was a murder committed during the commission of a robbery with a firearm.  …  This is not a case where one would choose a subordinate term other than—one would choose a base term other than [first degree] murder.

> "The [c]ourt notes [appellant had] 13 prior felonies prior to the three felonies that committed him on this offense.  Those prior felonies did include sodomy, kidnapping, rape by force and robbery.  There was an allegation of a firearm during that and then various other drug and theft

4.

felonies which brought us to the 1990 offenses which are the subject of this hearing.

"So I don't believe it would be in the interest of justice to subordinate [c]ount [o]ne in this case."

The trial court imposed an aggregate sentence of 13 years plus LWOP, based on LWOP for count 1, first degree murder with the special circumstance, plus consecutive terms of five years for the section 12022.5, subdivision (b) personal use enhancement, three years for count 4, assault with a deadly weapon, and five years for the prior serious felony conviction enhancement. The court stayed the sentence imposed for count 2, robbery, and the other enhancements.

On April 29, 2025, appellant filed a timely notice of appeal from the trial court's resentencing of April 23, 2025.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. On May 13, 2026, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

### Correction of the Abstract of Judgment

In the *Wende* brief, appellate counsel requests correction of an error in the abstract of judgment for the indeterminate term filed on April 28, 2025, after the resentencing hearing.

At trial, the jury found true the section 12022.5, subdivision (a) enhancement for personal use of a firearm attached to count 1, first degree murder with the special circumstance. At the resentencing hearing, the trial court imposed five years for the same section 12022.5, subdivision (a) firearm enhancement, and this is correctly stated in the abstract of judgment for the determinate term (form CR-290).

The abstract of judgment for the indeterminate term, form CR-292, correctly shows appellant was sentenced to LWOP for count 1 first degree murder with the special

5.

circumstance.  In section 2 of form CR-292, it incorrectly shows the enhancement was imposed pursuant to section "12022.(a)" and omits the ".5" from the applicable statute. We order correction of the abstract of judgment.

After independent review of the record, we find no other reasonably arguable factual or legal issues exist.

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment for the indeterminate term, form CR-292, filed on April 28, 2025, for the resentencing proceedings held on April 23, 2025, to show the enhancement listed in section 2 was imposed pursuant to section 12022.5, subdivision (a) and not section "12022.(a)."

The clerk of the superior court shall forward a certified copy of the amended abstract of judgment to the appropriate entities.

As corrected, the judgment is affirmed in all other respects.